IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PRISCILLA ELLIS, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:19-cv-395-K (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Priscilla Ellis, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. She also filed a motion for leave to amend her petition (ECF No. 13) and an emergency motion to remain within 500 miles of Killeen, Texas (ECF No. 5). For the following reasons, the Court should dismiss the petition and deny Petitioner's motions.

I.

On February 15, 2019, Petitioner filed her § 2241 petition claiming the Bureau of Prisons ("BOP") violated the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), when it incarcerated her at a prison located more than 500 miles from her family. She argues she should be transferred to the Carswell Federal Medical Center Carswell ("FMC Carswell") in Fort Worth, Texas or to the federal correctional facility in Dublin, California.

On May 3, 2019, the Government filed its response stating, among other things, that Petitioner had been transferred to FMC Carswell prior to the filing of

her petition, and that the petition was therefore moot. On May 14, 2019, Petitioner filed a motion to amend her petition to argue that she is entitled to remain at FMC Carswell for the remainder of her sentence.

II.

Petitioner was convicted in two cases in the United States District Court for the Middle District of Florida. In the first case, she was convicted of conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. *United States v. Ellis*, No. 8:15-cr-320-T-23TGN (M.D. Fla. Oct. 13, 2017) (ECF No. 12 at 7-8). On October 13, 2017, the court sentenced her to 480 months in prison. In the second case, Petitioner was convicted of conspiracy to make, utter, or possess a counterfeited or forged security, retaliation against a witness, and using interstate commerce facilities in the commission of murder-for-hire. *United States v. Ellis*, No. 8:16-cr-502-T-30TBM (M.D. Fla. Jan. 4, 2018) (ECF No. 12 at 25-26). The court sentenced her to 65 years in prison, to run consecutively to her first sentence.

Petitioner was initially placed at the Hazelwood Federal Correctional Institution in West Virginia. On January 15, 2019, she was transferred to FMC Carswell, where she is currently housed. Petitioner claims she is entitled to remain at FMC Carswell for the remainder of her sentence.

The First Step Act states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request by the prisoner

2

> related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence.

18 U.S.C. § 3621(b) (West 2019). Based on this provision, Petitioner asks the Court to prohibit the BOP from transferring her out of FMC Carswell until she completes her sentence.

The First Step Act, however, does not entitle Petitioner to relief. The Act specifically states that, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* The Court therefore does not have authority to compel the BOP to make any placement decisions under the Act. *See United States v. Tovar-Zamorano*, 2019 WL 2005918 at *2 (D. Kan. May 7, 2019) (stating the First Step Act "does not divest the BOP of its statutory discretion to determine the location of an inmate's imprisonment"); *Porche v. Salazar*, 2019 WL 1373683 at *1 (D. Or. Mar. 5, 2019) (same). The petition should therefore be dismissed, the motion for leave to amend should be denied as futile, and the emergency motion to remain within 500 miles of Killen, Texas, should be denied.

### III.

For the foregoing reasons, the Court should dismiss the § 2241 petition and deny all of Petitioner's pending motions.

Signed June 18, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).